IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-019 LY |
| | § | |
| DOMINGO JOHUNTA DURDEN | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on April 21, 2014, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.   PROCEDURAL BACKGROUND

On April 28, 2009, the Defendant was sentenced to 60 months imprisonment, followed by three years of supervised release, for possession of more than 5 grams of cocaine base, in violation of 21 U.S.C. § 844(a). The Defendant commenced his supervision on September 24, 2013. The Defendant did well initially. He participated in substance abuse treatment successfully (although he had problems with missing urinalyses), and was employed. However, on the evening of February 21, 2014, the Defendant was arrested for driving while intoxicated. In addition, a passenger in the car at the time of his arrest was another federal supervisee, who has a felony conviction, and the Defendant did not have permission to associate with him. Because the Defendant has two prior DWI

convictions, he has been charged with a felony DWI. The DWI charge remains pending in state court.

Based on the arrest, on March 12, 2014, the Probation Office filed its Petition, alleging that the Defendant violated his conditions by failing to report for drug testing, consuming alcohol, associating with a felon, and committing a new criminal offense. The undersigned ordered the issuance of a warrant on March 18, 2014. The Defendant was arrested on the warrant on April 4, 2014.

On April 21, 2014, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, except the allegation of a new criminal offense.[1]

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the

---

[1] The Government agreed to abandon that allegation, and proceeded on the other three alleged violations.

opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) missing drug tests; (2) consuming alcohol; and (3) associating with a felon without permission.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a IV, resulting in an (advisory) guideline range of 6-12 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 6 months of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE